# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jill Pickett, | ) |
|     Plaintiff, | ) C.A. No. 2:21-cv-2207-RMG |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Publix Asset Management Company, Store No. 1646 | ) |
|     Defendants. | ) |

The matter is before the Court upon Defendant Publix Super Markets, Inc., Store No. 1646 and Plaintiff Jill Pickett's consent motion to remand. (Dkt. No. 1).[1]  On June 18, 2021, Plaintiff originally filed a Complaint in the Court of Common Pleas for Charleston County, South Carolina. (Dkt. No. 1-3).  Plaintiff alleges she slipped and fell on a slippery substance while walking through Defendant's store.  (*Id.* at 3).

On July 20, 2021, Defendant removed the case invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Dkt. No. 1).  The notice of removal alleges that Plaintiff is a resident of Mecklenburg County, North Carolina.  (Dkt. No. 1 at 2).  The notice of removal alleges that Defendant is a limited liability company organized under the laws of the State of Florida with its principal place of business also located in Florida.  (*Id.*).  The notice of removal alleges that the amount in controversy exceeds $75,000.00.  (*Id.*).

Notwithstanding Defendant's allegations, Plaintiff does not seek money damages in its complaint more than $75,000.00.  The Complaint alleges that Plaintiff seeks actual and punitive damages not to exceed $74,999.00.  (Dkt. No. 1-3 at ¶ 17).  On July 28, 2021, the parties filed a

---

[1] In the motion for remand, Defendant indicates that it has been incorrectly identified in the Complaint as "Publix Asset Management Company, Store No. 1646." (Dkt. No. 1 at 1).

consent motion to remand, indicating that "Plaintiff stipulates that a verdict in this case will not exceed $75,000.00 and should a jury return a verdict more than $75,000.00 she will accept $75,000.00 to fully satisfy that judgment no matter the amount awarded." (Dkt. No. 7).

A civil action brought in a state court may be removed to federal court if the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the value of $75,000.00 and is between citizens of different states." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008). In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010). The amount in controversy is generally determined at the time the action is commenced and at the time of removal. *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019).

As the Plaintiff claimed a sum less than the amount in controversy in the original complaint and the parties now represent the amount in controversy is not met, diversity jurisdiction does not exist in this case. Defendant's notice of removal cites no other basis for the Court's jurisdiction. Thus, remanding this case to state court is proper as the Court lacks subject matter jurisdiction.

For the reasons stated above, the consent motion to remand is **GRANTED**. (Dkt. No. 8). The Court **REMANDS** this case to the Court of Common Pleas for Charleston County, South Carolina.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel  
Richard M. Gergel  
United States District Judge

August 24, 2021
Charleston, South Carolina